IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | \* |
| | \* |
| | \* CRIMINAL NO. 21-cr-348-GJH |
| v. | \* |
| | \* |
| **BRIAN D. MCQUADE,** | \* |
| | \* |
| Defendant | \* |
| | \* |
| \*\*\*\*\*\*\* | |

## CONSENT MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through undersigned counsel, hereby moves this Court for an Order excluding the period from and including February 9, 2022 through and including February 6, 2023, the date this matter is set for trial, for purposes of computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c).  Counsel for the Defendant consents to this request.  For good cause, the government states as follows:

1. On September 2, 2021, a Grand Jury in the District of Maryland returned an indictment charging the defendant with two counts of wire fraud (18 U.S.C. § 1343).  ECF No. 1

2. The Defendant was arrested and had his initial appearance in this District on September 20, 2021.  ECF No. 6.  The Defendant was represented by the Federal Public Defender.

3. On October 4, 2021, the Court held an attorney inquiry hearing regarding the Defendant's counsel.  The Defendant was again represented by the Federal Public Defender during these proceedings.  ECF No. 13.  On October 12, 2021, retained counsel for the Defendant entered his appearance in the above-captioned case.  ECF No. 16.

4. Between September 2021 and August 2022, the parties had several calls regarding the case and the status of discovery.  At the request of the parties, this Court excluded time under the Speedy Trial Act from the initial appearance until the February 9, 2022 status conference.

5.      On August 19, 2022, following a series of status conferences, this Court issued a Scheduling Order setting this matter for trial beginning February 6, 2023.

6.      The Speedy Trial Act provides that the trial of the Defendant shall commence within seventy days "from the filing date (and making public) of the information or indictment." 18 U.S.C. § 3161(c)(1).  However, pursuant to 18 U.S.C. § 3161(h)(7)(A), any delay resulting from a continuance is excluded for speedy trial purposes if based on a finding that the ends of justice served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial.

7.      The circumstances of this case require a continuance under the Speedy Trial Act. The matter is set for trial next year, with the consent of both parties.  Thus, the interests of justice served by the resulting delay will outweigh the interests of the Defendant and the public in a speedy trial.

8.      The undersigned counsel for the government has consulted with counsel for the Defendant, who consents to the relief sought in this Motion.

**WHEREFORE**, the parties request that the Court enter an order excluding the period from and including February 9, 2022 through and including February 6, 2023, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c).  A proposed order is attached.

                                              Respectfully submitted,

                                              Erek L. Barron
                                              United States Attorney

                                              /s/ Caitlin R. Cottingham
                                              Caitlin R. Cottingham
                                              Jessica C. Collins
                                              Assistant United States Attorneys

## **CERTIFICATE OF SERVICE**

      I, Caitlin R. Cottingham, HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to all counsel of record, on August 29, 2022.

By: */s/ Caitlin R. Cottingham*
CAITLIN R. COTTINGHAM
Assistant United States Attorney
